894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Defendant-Appellee.
 No. 89-3774.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff May moves to certify questions to the Supreme Court and for miscellaneous relief on appeal from the district court's order dismissing this civil rights and federal statutory action. 42 U.S.C. Secs. 1981, 1982, and 1983 (1982); 5 U.S.C. Sec. 552(a)(4)(B) (1988). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 May is a frequent litigator who resides in Cincinnati, Ohio. The defendant is a federal agency with offices in Washington, D.C. May sent a letter to the defendant requesting information and various agency records. The defendant responded with a letter providing the information and detailing how to obtain the agency records.
 
 
 3
 May then sued the defendant, alleging that the agency improperly withheld the records. May requested $5,000,000 in damages. The district court dismissed the complaint sua sponte, and May appealed.
 
 
 4
 Sua sponte dismissals are proper under 28 U.S.C. Sec. 1915(d) (1982) if the complaint is frivolous. A complaint is frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). An example of a case lacking an arguable basis in law is one claiming an "infringement of a legal interest which clearly does not exist." Id. at 1833. An example of a case lacking an arguable basis in fact is one "describing fantastic or delusional scenarios." Id.
 
 
 5
 Concerning May's civil rights claims under various amendments to the Constitution, we hold that May has not shown any legal interest that would create an arguable basis in law. Moreover, given the careful answers to all of May's questions contained in the defendant's letter of response to May, we hold that May's statutory claim for agency records lacks an arguable basis in fact. We conclude that the district court correctly dismissed the case. The Supreme Court's decision in John Doe Agency v. John Doe Corp., 58 U.S.L.W. 4067, 4068-69 (Dec. 11, 1989), relied on by May, is not on point and does not control the decision in this case.
 
 
 6
 The motions to certify questions to the Supreme Court and the miscellaneous motion are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. Costs are hereby assessed against May in the amount of fifty dollars ($50.00) payable to the court for having filed this frivolous appeal. Fed.R.App.P. 38.